Samuel **WIGDER**, as Administrator ad Prosequendum and as Administrator of the Estate of Anna Wigder, Deceased, Appellant

v.

Richard W. **ERRICKSON** and Alma Errickson.

No. 14868.

United States Court of Appeals Third Circuit.

Argued Nov. 17, 1964.

Decided Dec. 9, 1964.

Jerome L. Yesko, Paterson, N. J., for appellant.

Andrew A. Valeriani, Jr., Trenton, N. J. (Sido L. Ridolfi, Trenton, N. J., on the brief), for appellees.

Before MARIS, STALEY and GANEY, Circuit Judges.

MARIS, Circuit Judge.

The plaintiff, Samuel Wigder, administrator of the estate of his deceased mother, Anna Wigder, appeals from a judgment entered in the District Court for the District of New Jersey dismissing his action against the defendants, Richard W. Errickson and Alma Errickson, brought to recover damages for the death of plaintiff's decedent resulting from the alleged negligent operation of a motor vehicle by the defendant Richard Errickson. The judgment of dismissal was ordered by the trial judge at the conclusion of the testimony offered by the plaintiff on the question of liability. There is some indication in the record that the trial judge's action was based

upon a determination by him that the plaintiff had not met the burden of proving the defendant Richard Errickson's negligence by a fair preponderance of the evidence, a determination which it was not within his province to make since the jury was the trier of the facts in the case. The trial judge did state, however, that in his judgment there was not an iota of evidence to show that the defendant Richard Errickson was negligent. We will accordingly assume that the trial judge's order of dismissal was based upon his conclusion that the evidence was insufficient, if the testimony offered by the plaintiff and the inferences reasonably to be drawn therefrom were believed by the jury, to establish that the defendant Richard Errickson was guilty of negligence which contributed to the accident from which the death of the plaintiff's decedent ensued. With this conclusion we cannot agree.

From the testimony it appears that on April 1, 1961, about 12:30 A.M. the decedent was walking eastwardly across Madison Avenue in Lakewood, New Jersey, at its intersection with 9th Street, when she was struck by an automobile driven by the defendant Richard Errickson. Madison Avenue is 52 feet wide at that point. There are two lanes on each side of the avenue for north and south bound traffic and an additional lane on each side available for parking. There is an overhead light at the intersection which is 35 feet above the street level and overhangs the street about 10 or 15 feet. There is another similar overhead street light about 150 feet north on Madison Avenue. The decedent had traversed the western half of Madison Avenue (26 feet) on the north crosswalk of 9th Street and had walked about 10 feet to the east of the center line of Madison Avenue when the accident occurred. No witness saw the actual impact. Her son, the plaintiff in this case, and her sister had crossed the intersection approximately 15 feet ahead of her and were on the east sidewalk of Madison Avenue when they heard a loud thud and turning around saw the decedent

lying on the street some distance north of the intersection.

The defendant Richard Errickson, who was called by plaintiff as for cross-examination, testified that it was raining heavily that night and that his headlights were on and his windshield wipers were operating. He was driving north on Madison Avenue, travelling at a speed of 25 to 30 miles per hour. As a resident of Lakewood, he knew of the existence of hotels in the vicinity and that people would be coming and going at various hours. He saw no pedestrian at the intersection in question at any time. He made observations for traffic and for crossing pedestrians, although he said he wasn't particularly looking for a pedestrian. He did not stop or slow the speed of his car as he approached the intersection. There were no obstructions there. When he entered the intersection he noticed a glare of headlights to his left, glanced to the side and then heard a thud and saw what appeared to be an image up on the hood of his car. He then applied the brakes to his car which stopped about 40 feet north of the north crosswalk of 9th Street. He went over to the decedent who was lying in the street forward of his car and to the right and who then appeared to be still alive. The headlight and hood on the left hand side of his automobile were dented. A shoe of the decedent was found in the north crosswalk on Madison Avenue, approximately 16 feet from the east side of the avenue. Her body was lying 78 feet 9 inches north of the crosswalk, and 33 feet 4 inches north of the point where the automobile stopped.

We are satisfied that whether the defendant's rate of speed at the intersection was unreasonable under the circumstances, whether he failed to keep such a lookout for pedestrians at this street intersection as a reasonably prudent person would have done, and whether he should have seen the decedent when she was walking in the middle of the street, were questions for the jury to resolve, upon proper instruction from the trial judge. We cannot say that fair-minded persons might not have drawn those inferences from the testimony and concluded therefrom that the defendant Richard Errickson was guilty of negligence. That a measure of speculation and conjecture would have been required on the part of the jury is immaterial since, as we have seen, there was evidence from which a conclusion of negligence might have been drawn. Lavender v. Kurn, 1946, 327 U.S. 645, 653, 66 S.Ct. 740, 744, 90 L.Ed. 916, 923. The case must, therefore, go back to the district court for a new trial.

The judgment of the district court will be reversed and the cause remanded for a new trial.